## 7857. McDUFFIE v. THE STATE.

WADE, C. J. 1. "Sale, or exchange, is a transmutation of property from one man to another, in consideration of some price or recompense in value." 2 Blackstone's Com. 446. Though often used in a more limited sense, embracing only those contracts which are founded upon a money consideration (DeBary v. Dunne, 172 Fed. 940; Skirvin v. O'Brien, 43 Tex. Civ. App. 1, 95 S. W. 696, 700; Lucas v. County Recorder of Cass County, 75 Neb. 351, 106 N. W. 217, 220), a "sale," in its broadest sense, comprehends any contract for the transfer of property from one person to another for a valuable consideration (Cole v. Laird, 121 Iowa, 146, 96 N. W. 744, 745; Micks v. Stevenson, 22 Ind. App. 475, 478, 51 N. E. 492); and the word "sell," in section 722 of the Penal Code of 1910 (which makes it a misdemeanor for one to sell or encumber personal property held by him under a conditional purchase and sale, where, by the terms of the purchase, the title is retained by the vendor until the purchase-money is paid, if there be an intent on his part to defraud the vendor or defeat his rights, "or when such selling or encumbering the property tends to the injury of the vendor"),

is to be construed in its broad sense, and therefore includes what is commonly known as barter and exchange. See *James* v. *State,* 124 *Ga.* 72 (52 S. E. 295), and *Howell* v. *State,* 124 *Ga.* 698, 700 (52 S. E. 649), construing the word "sale," in an act prohibiting the sale of intoxicating liquors, to include a transfer of such liquor for a valuable consideration other than money. See also State *v.* Fulman, 7 Penne. (Del.) 123 (74 Atl. 1).

2. The defendant was indicted under section 722 of the Penal Code, supra, and the evidence showed that a mule, which he held under a contract retaining title in the vendor until payment of the purchase-price, was transferred by him to another person for a valuable consideration, to wit, a mule, accepted by him in barter or exchange therefor, without the consent or approval of the said vendor and to the injury of the vendor. This proof showed a sale in contemplation of that section of the Penal Code. Any other holding would plainly nullify the purpose of this section.

3. The court did not err in excluding testimony offered to show that the mule to which title was retained by the vendor and which the defendant traded off was not suitable for the particular purpose for which the defendant had purchased it. The note of the trial judge recites that the defendant did not offer to show that the mule disposed of was totally worthless, or that he paid the full value thereof, and that therefore no actual injury to the vendor resulted from the act of the accused.

4. Whether or not the sale of the mule held under a conditional contract of purchase, retaining title in the vendor, was made by the defendant with intent to defraud the said vendor was a question for the jury, under all the facts and circumstances of the case; and, there being evidence to support their finding, the trial judge did not err in overruling the new motion for a new trial.        *Judgment affirmed.*

DECIDED NOVEMBER 22, 1916.

Indictment for misdemeanor; from Wilcox superior court— Judge George. August 19, 1916.

The indictment charged that J. D. McDuffie, having given to Benton Martin Mule Company a paper retaining title to a de- scribed mule, to secure a debt of $100, the purchase-price of the mule, did, without the consent of the said company and with intent to defraud them, "sell and dispose of" the mule without payment of the debt and to the loss and damage of the said company in the sum of $100.

*M. B. Cannon,* for plaintiff in error. *J. B. Wall, solicitor-general, Jesse Grantham, Hal Lawson,* contra.