FLOURNOY *v.* HIGHLANDS HOTEL COMPANY.

No. 6494.   APRIL 19, 1930.

*John R. L. Smith* and *Joseph LeConte Smith,* for plaintiff in error.

*Park & Strozier* and *Brock, Sparks & Russell,* contra.

RUSSELL, C. J.   1.   There is no such doctrine known to the law as a set-off of wrongs.   Not even estoppel can legalize or vitalize that which the law declares unlawful, and void.   If so, the conduct of individuals, whether independently or collusively, could render any ·and all laws invalid and impotent.   Ordinarily any of the circumstances to which our attention is directed by the Court of Appeals would work an estoppel; but the express provision in the securities law relating to the sale of securities in violation of the regulations of the State and its public policy debars the courts from giving their aid to the enforcement of such criminal contracts, and will entitle the subscriber to repudiate the subscription contract in accordance with the quasi-criminal provisions of the securities law.

2.   The law will not lend its aid to enforce contracts criminal, immoral, or contrary to declared public policy.   Consequently the courts can enforce only that which is legal and not in contravention of law, sound morals, and approved public policy; and hence, regardless of the matters upon which estoppel ordinarily might be based, a subscriber to stock would not be precluded to present the defense applicable in a case where so vital and material a change had been made in the object and purposes of the corporation as to release a subscriber to the capital stock of a corporation which had been thus metamorphosed and radically changed.   If the law was not complied with, as stated in the answer to the first question, all proceedings would be nugatory, and no answer would be required to the second question.   If in the sale of the securities the law was complied with, the circumstances related in the first question would estop the subscriber from repudiating the contract on the ground of variance between the terms of the subscription and the provisions of the charter.

472

3. The foregoing answers, as shown by the questions propounded by the Court of Appeals, obviate the necessity of answering any further questions.          *All the Justices concur, except*

BECK, P. J. and ATKINSON, J., who dissent, being of the opinion that the law applicable to the questions involved in this case was properly construed in the dissenting opinion filed in the case of *Felton* v. *Highlands Hotel Co.*, 165 *Ga.* 598 (141 S. E. 793, 57 A. L. R. 987).