[Civ. No. 22135.   Second Dist., Div. One.   June 26, 1957.]

MARCUS I. RUSSEK et al., Appellants, v. TOMARK JET COMPONENTS, INC. (a Corporation), et al., Defendants; CHARLES E. COOK, JR., Respondent.

MacBeth & Ford and Patrick H. Ford for Appellants.

H. J. Gross and Harris K. Lyle for Respondent.

DRAPEAU, J. pro tem.*—Three of the plaintiffs in this case, Marcus I. Russek, T. C. Kegerreis, and Kalman Muller, and the defendant, Charles E. Cook, Jr., started a machine shop. They hoped to establish a paying business; also to secure a lucrative contract to manufacture machine products for the United States government. They all put money into the enterprise.

The remaining plaintiff, Jack Kegerreis, was a son of T. C. Kegerreis. When the shop was first started and while Jack was in Arabia, he sent his father $500 to put into the business. After he came home he put in $2,500 more.

These men held frequent meetings to direct the policy and details of the shop; to run it. They decided to form a corporation "to have a front" for the business. T. C. Kegerreis suggested the corporate name, "Tomark." It was a combination of his first name and Russek's first name.

Defendant Cook was president, and plaintiffs Russek and T. C. Kegerreis were vice presidents of the corporation. All three were directors. Russek was in charge of sales, and T. C. Kegerreis was in charge of production, and these two men were paid salaries and allowances by the corporation.

Plaintiffs Muller and Jack Kegerreis were not officers of the corporation, but Jack testified, "We were all in on the thing."

No corporate stock was issued to anybody, and no permit to issue stock was procured from the State Corporation Com-

---

*Assigned by Chairman of Judicial Council.

missioner. The books of the corporation denominated payments by the parties as "stock subscriptions."

Unfortunately, the government contract did not materialize, the business was not a success, and the corporation went into bankruptcy.

Then plaintiffs picked out Cook as a defendant, and sued him for their contributions to the enterprise. Their complaint alleged four common counts for money had and received, and another count on the theory that Cook was liable to them because they paid their money to him for stock in the corporation when no permit from the Corporation Commissioner had been obtained. Concededly, Cook kept none of this money for himself, but put it into the corporation's bank account as it was paid to him. He also put his own money into the business. He said he considered that a total loss.

The trial court granted defendant's motion for nonsuits on the common counts; and, after trying the case on the other count, found for defendant on that count also.

Plaintiffs appeal from the nonsuits, from the judgment, and from the order of the trial court refusing to strike from defendant's cost bill an item paid for the perpetuation of the testimony of T. C. Kegerreis. Mr. Kegerreis died before the case was tried, and his testimony so perpetuated was read into the record.

Plaintiffs argue:

(a) That it was error to grant the judgment and the nonsuits because Cook was president of the corporation and is personally liable for the return of the money they paid to him, there being no permit by the Corporation Commissioner to sell stock. The also argue that it was error to grant two of the nonsuits because one plaintiff was dead, and the other had assigned his cause of action.

(b) That their motion to strike part of the cost bill should have been granted, because no statutory basis exists to tax as costs money paid by a party in a separate proceeding to perpetuate testimony.

These matters will be discussed in the order stated.

■ (a) The trial court found that plaintiffs and defendant were engaged in a joint enterprise; that they all were promoters of the business, and that each of them at all times knew what was going on; that they all knew that they had no permit from the Corporation Commissioner to sell stock, but that they paid their money into the corporation anyway. In such circumstances courts will leave the parties where

they were when the action was begun. (*Wells* v. *Comstock*, 46 Cal.2d 528, 532 [297 P.2d 961].)

■ Plaintiffs' objections to granting the nonsuits may be answered as follows: Cook did not receive the money for his use or benefit, and in the facts in this case in equity and good conscience he is not bound to return it. (*Pollak* v. *Staunton*, 210 Cal. 656, 665 [293 P. 26].) ■ The technical objection that one plaintiff was dead, and that another had assigned his cause of action, does not establish prejudicial error that requires reversal of the nonsuits.

■ (b) It was not prejudicial error to deny plaintiffs' motion to strike the cost of the deposition of the deceased plaintiff, taken in proceedings to perpetuate his testimony. Plaintiffs themselves offered this deposition in evidence in the trial of this case, and the allowance of its cost was within the discretion of the trial court. (Code Civ. Proc., § 1032.)

The judgments of nonsuit, the final judgment, and the order denying plaintiffs' motion to strike defendant's costs, are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 19, 1957, and appellants' petition for a hearing by the Supreme Court was denied August 20, 1957.