39787. UTZMAN v. CARIBBEAN & SOUTHEASTERN DEVELOPMENT CORPORATION et al.

DECIDED NOVEMBER 8, 1962—REHEARING DENIED NOVEMBER 26, 1962.

*Poole, Pearce & Hall, William F. Lozier,* for plaintiff in error.
*Arnall, Golden & Gregory, C. E. Gregory, Jr.,* contra.

FELTON, Chief Judge. The plaintiff's cause of action is based upon the provisions of *Code Ann.* § 97-114, which says, in part: "Every sale or contract for sale in violation of any of the provisions of this Chapter, or of any order issued by the Commissioner under any provision of this Chapter, shall be voidable at the election of the purchaser. The person making such sale or contract for sale, and every director, officer, salesman or agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser in any action at law in any court of competent jurisdiction upon tender to the seller, in person or in open court, of the securities sold or of the contract made for the full amount paid by such purchaser, together with all taxable court costs and reasonable attorney's fees in any action or tender under this section."

*Code Ann.* § 97-102 (f) defines "sale" as "every sale *or other disposition of a security or interest in a security for value,* and every contract to make any such sale or disposition. . ." (Emphasis supplied). The issuance and delivery of the stock certificate to the plaintiff by defendant Caribbean Corporation and its president, defendant Goldgar, was a disposition of the security, even though it did not amount to a "sale" in the common usage of the word. Was this a disposition "for value"? "A consideration is valid if any benefit accrues to him who makes the promise or any injury to him who receives the promise." *Code* § 20-302. The accrued benefit, or consideration, for which the defendants issued and delivered the stock to the plaintiff was the credit, in the amount of the then existing market value of the stock, on

the purchase price of the land. The fact that the consideration for the allowance of the credit by the seller, Dever, consisted of services rendered by the plaintiff to Dever, rather than monetary value, does not affect the value of the consideration for the delivery of the stocks to the plaintiff. Value is "a fair return in money, goods, *services*, etc., for something exchanged." (Emphasis supplied). Webster's New International Dictionary, unabridged (2d Ed.). Nor would the fact that the allowance of credit, which was the consideration for the delivery of the stocks to the plaintiff, was made by a party other than the plaintiff bar the plaintiff's action. "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration." *Code* § 20-306.

Although the act does not define "purchaser," to whom the election of voiding the illegal sale is given, it is apparent that this refers to the one to whom the sale or disposition is made, especially when the certificate is issued directly to a party, designating him or her by name, as is the case here. The word purchaser may be used in a broad sense to include those who acquire title for a monetary consideration, "however, as commonly employed and as ordinarily used . . . a 'purchaser' is understood to be one who obtains through negotiation or the like, for a consideration." 73 CJS 1257, Purchaser. This consideration need not necessarily be monetary. *McDuffy v. State*, 19 Ga. App. 39 (90 SE 740). Certainly, since a "sale" includes a disposition (by the definition in § 97-102 (f)), it would seem to be a logical interpretation to include one to whom the disposition is made within the class of persons on whom the right of voiding illegal sales or dispositions is conferred. "In all interpretations, the courts shall look diligently for the intention of the General Assembly. . ." *Code* § 102-102 (9).

The objection is raised that the plaintiff is attempting to rescind the very contract upon which she is basing her action, but to which she was not in fact a party. The plaintiff need not rescind the contract, either in its entirety or in part, in order to maintain her action. The cause of action inures to her not as a third party beneficiary of the aforementioned contract, but

as a result of the contractual relationship created by the issuing to her of the stock certificate, which amounted to a contract and a promise to give her good title to the securities. It was this contract which the plaintiff seeks to void, and for the breach of which, by failure to comply with the Securities Act, she seeks damages. In pursuing her statutory remedy under *Code Ann.* § 97-114, the plaintiff has fully complied with its provisions, having tendered the securities to the court. The defendant corporation was properly joined because it was the disposition of its stocks by its agent, defendant Goldgar, which was sought to be voided. Defendant Goldgar was a proper party under the provision of the section that ". . . [t]he person making such sale or contract for sale, and every director, officer, salesman or agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser. . ." *Code Ann.* § 97-114.

It is also urged that the provision of this Code section permitting recovery "for the full amount paid by such purchaser" necessarily precludes from the statutory remedy one who has furnished personal services, rather than actual money, in exchange for securities. Here again, such a narrow interpretation of the terms of the statute would thwart the legislative intent, as expressed in *Code Ann.* § 97-102 (f), of including dispositions of securities for value, rather than restricting the remedy to cash sales only. "The payment of actual money only is not all that is comprehended under the term 'money paid.' The payment may be made in any medium which the payor and the payee regard as equivalent to money, such as goods, chattels, or securities, or lands, services, credits, or bank notes. . . Payment may also be made by cancelling an existing debt owed one by the creditor of another, whether by request or compulsion or by rendering an account which makes the person rendering it liable for another's debt." 58 CJS 885, Money Paid, § 1. "Payment in its broad sense includes payment in other things than money; though by commercial usage payment may be restricted to payment in money. *Claflin v. Continental Jersey Works*, 85 Ga. 27 (11 SE 721). Payment, like sale, can result only from the mutual agreement of the parties that the transaction shall have that

effect. . . If a creditor accept any valuable thing in discharge of his debt, the debt is paid; and it is the agreement—that the thing is accepted in discharge of the debt—which renders the transaction a payment. If not otherwise agreed between the parties, the debtor can discharge his debt in money only; but the creditor may consent to accept payment in property as the equivalent of the money." *First Nat. Bank of Blakely v. Davis*, 135 Ga. 687, 689-90 (70 SE 246, 36 LRA (NS) 134).

*Code Ann.* § 97-107 lists a number of transactions which are exempt from the registration requirements of § 97-104. Subhead (c) specifies "an isolated transaction in which any securities are sold by or for the account of the owner of such securities, whether through a dealer, a limited dealer or otherwise, if such transaction is not one of repeated and successive transactions of a like character, *and if such owner or his representative is not the issuer or underwriter of such securities.*" (Emphasis supplied). Although the transaction in question qualifies under the first part of this exemption, it does not under the latter part, because the owner, defendant Caribbean Corporation, was the issuer of the securities. None of the other exemptions is applicable. The legislative intent, under the acts referred to in the citations from the Code, is to give the right of action against the party transferring the title to the unregistered stock, whether the title be transferred by the original issuance of stock or a transfer of shares already issued. Such an intent provides protection for different transferees who might have paid varying prices for the stock.

We hold, therefore, that the payment by the defendants of Dever's debt to the plaintiff on account of her services in his behalf, by issuance of securities in her name amounted to the consent on the part of the defendants to accept credit on the purchase price of the land in the amount of the value of the plaintiff's services as payment for the securities. It would clearly be unjust for the defendants to receive credit on the purchase price by making a payment with illegally issued securities, while fully realizing that the debt, which was the consideration for the giving of the credit, was created by personal services, then be allowed to assert the defense that payment for the securities

must have been made in money only for the statutory remedy to be available to the recipient of the securities.

Accordingly, the petition alleged a cause of action under *Code Ann.* § 97-114, and the court erred in its judgment sustaining the general demurrer.

*Judgment reversed.  Bell and Hall, JJ., concur.*