43357, 43358. JONES v. NASH et al.; and vice versa.

PANNELL, Judge. Plaintiff appellant brought an action under Section 13 of the Georgia Securities Act approved February 26, 1957 (Ga. L. 1957, pp. 134, 161; *Code Ann.* § 97-114), seeking recovery of sums allegedly paid for stock issued and to be issued by the defendant corporation and attorney's fees as provided in the Act. The suit is against the corporation and an individual, Herman Nash, the president of the defendant corporation. The individual defendant and the corporate defendant denied the material allegations of the petition and the individual defendant filed a cross action. The parties stipulated that the corporate stock had not been registered as required by Section 3 of said Act and further stipulated that the stock was not one of the securities exempt under Section 5 of said Act nor was the transaction exempt under Section 6 of said Act. The case was tried before the judge without a jury. The evidence disclosed that a corporate charter was granted on June 3, 1965, to Bankhead Entertainers, Inc., and the incorporators accepted the charter on June 4, 1965, and subscriptions to the corporate stock were received at that time, the subscribers being Herman Nash, McElroy West, B. B. Beamon and Lockett Elay, for a total of 100 shares. The incorporators, parties different from the subscribers, renounced all further interest in the corporation at that meeting. Subsequently, without any further action appearing on any of the corporate minutes the corporation operated "The Paladium Club" with the individual defendant acting as president. Plaintiff became interested in investing in the business before it opened and in November of 1965, after the business was in operation, was told by the defendant, Nash, that plaintiff could purchase $10,000 worth of shares but plaintiff agreed to purchase $5,000 worth of shares to start and an additional $5,000 worth of shares if he could secure sufficient funds. In December of 1965 he paid $2,000 for stock in the business.

He was told before he made any payments on the stock that the business owed approximately $6,500 and that he could be an officer in the corporation. After making the payment the plaintiff took an active part in helping to operate the business. The remainder of the money which the plaintiff claims he paid for the purchase of stock in the business was paid later during the year 1966, about some of which payments there was a dispute and conflict in the evidence. The minutes of the corporation disclose that on January 3, 1966, a meeting of the stockholders of the corporation was had and those present were Herman Nash, the individual defendant, McElroy West, and Roy Jones, the plaintiff. It appeared that B. B. Beamon was unable to purchase his shares as agreed and "it was moved and seconded that the subscription of Roy Jones for 100 shares of the stock of the corporation be accepted." At that meeting Nash, West and Jones were elected directors and bylaws of the corporation were adopted. On the same date the board of directors elected Nash president, West vice president, Jones secretary, and West treasurer. This meeting ratified the action, on May 28, 1965, of the original subscribers to the stock in executing a lease where the business "The Paladium Club" was being operated. On January 5, 1966, Nash, West, Jones and Elay signed a subscription to 100 shares of stock each. Original certificates of stock Numbers 1, 2, and 3 were issued to Nash, West, and Elay for 100 shares each ($10,000 each) and the original certificate Number 4 to plaintiff for 50 shares ($5,000). The trial judge found in favor of the defendants in the main action and in favor of the plaintiff appellant in the cross action. The plaintiff appealed and the individual defendant filed a cross appeal. *Held:*

1. The stock of the defendant corporation, a business corporation chartered under the laws of the State of Georgia, are securities as defined in Section 1 (i) of the Georgia Securities Act (Ga. L. 1957, pp. 134, 136; *Code Ann.* § 97-102 (i)), and the sale of the stock by the corporation to the plaintiff was a sale within the meaning of Paragraph (f) of said Section 1, and, having been made without registration as required by Section 3 of said Act (*Code Ann.* § 97-104), neither the securities nor the transaction being exempt under the Act, Section 13 of the Act applies, and the plaintiff is entitled to recover from the defendant corporation and the individual defendant, president of the defendant corporation, any amounts paid for

the said stock upon making a tender in open court of the securities purchased, which was done here. See in this connection *Brannan, Beckham & Co. v. Ramsaur*, 41 Ga. App. 166 (3) (152 SE 282); *Felton v. Highlands Hotel Co.*, 165 Ga. 598 (141 SE 793, 57 ALR 987); *Ratliffe v. Hartsfield Co.*, 181 Ga. 663 (184 SE 324). While these cases were construing prior Acts, the reasoning and rationale is applicable here. The trial court erred in finding in favor of the defendant in the main case, and there being no enumeration of errors filed in the cross appeal, the cross appeal, on motion, is dismissed.

*Judgment reversed in case No. 43357. Appeal dismissed in case No. 43358. Jordan, P. J., and Deen, J., concur.*

ARGUED JANUARY 15, 1968—DECIDED FEBRUARY 1, 1968—REHEARING DENIED FEBRUARY 16, 1968—CERT. ▓▓▓▓▓

*Lipshutz, Macey, Zusmann & Sikes, John H. David, Jr.*, for appellant.

*Nall, Miller, Cadenhead & Dennis, Dennis J. Webb, Jon O. Fullerton*, for appellees.