24586. NASH et al. v. JONES.

ARGUED MAY 16, 1968—DECIDED MAY 23, 1968—
REHEARING DENIED JUNE 20, 1968.

*Nall, Miller, Cadenhead & Dennis, Dennis J. Webb,* for appellants.

*Lipshutz, Macey, Zusmann & Sikes, John H. David, William H. White,* for appellee.

ALMAND, Presiding Justice. Roy Jones filed suit in the Fulton County Civil Court against Herman Nash, the president of Bankhead Entertainers, Inc., and the corporation itself alleging that the defendants had violated Section 13 of the Georgia Securities Act (Ga. L. 1957, pp. 134, 161; *Code Ann.* § 97-114) by issuing unregistered stock in Bankhead Entertainers, Inc., and sought to recover sums allegedly paid by plaintiff for said stock issued in violation of the Act. The individual and corporate defendants denied the material allegations of the petition. The parties stipulated that the corporate stock had not been registered under Section 3 of the Georgia Securities Act, and that the stock was not one of the securities exempt under Sections 5 and 6 of said Act. The case was tried before the judge without a jury. The evidence discloses that: On January 3, 1966, the future officers, directors and stockholders of Bankhead Entertainers, Inc., met for the corporation's first organizational meeting. Although the business had been incorporated on or about June 3, 1965, no officers or directors had been elected, nor had any stock been issued. Present at the meeting on January 3, 1966, were Herman Nash, the individual defendant, McElroy West and Roy Jones, the plaintiff. At this meeting both Herman Nash and Roy Jones were elected officers and directors of the defendant corporation, and both signed the corporate minutes in their official capacities. On January 5, 1966, Herman Nash, McElroy West, Roy Jones and Lockett Ealey

signed a subscription agreement to purchase 100 shares of stock each. Certificates of stock numbers 1, 2 and 3 were issued to Nash, West and Ealey for 100 shares each, and certificate number 4 was issued to the plaintiff for 50 shares. It is this issuance of stock which the plaintiff alleges was in violation of the Georgia Securities Act.

The trial judge found in favor of the defendants. The plaintiff appealed to the Court of Appeals, which reversed the trial judge (117 Ga. App. 258 (160 SE2d 225)), and the case is before this court upon the granting of a writ of certiorari.

The question presented for our determination is whether a participant serving as an officer and director of a corporation at the time stock of the corporation is issued can recover the sums paid by him for a portion of said stock under the purchasers' remedies section of the Georgia Securities Act (Ga. L. 1957, pp. 134, 161; *Code Ann.* § 97-114) because said stock was not properly registered in accordance with the Act. We reply to this in the negative.

Ga. L. 1957, pp. 134, 161 (*Code Ann.* § 97-114) provides in part: "Every sale or contract for sale in violation of any of the provisions of this Chapter [Georgia Securities Act], or of any order issued by the Commissioner under any provision of this Chapter, shall be voidable at the election of the purchaser. The person making such sale or contract for sale, and *every director, officer,* salesman or agent of or for such seller *who shall have participated or aided in any way in making such sale,* shall be jointly and severally liable to such purchaser in any action at law in any court of competent jurisdiction upon tender to the seller, in person or in open court, of the securities sold or of the contract made for the full amount paid by such purchaser, together with all taxable court costs and reasonable attorney's fees in any action or tender under this section." (Emphasis supplied).

In the instant case the plaintiff stands in a dual capacity. Plaintiff was an officer and director of the corporation when it sold stock in violation of the Georgia Securities Act, and he was the purchaser of a portion of this same stock. It is in his latter capacity as a purchaser that plaintiff seeks recovery of the sums paid for this stock; however, it is his position in the

corporation at the time of the stock issuance that must be considered in determining whether he can recover.

The clear terms of the purchasers' remedies section (Ga. L. 1957, pp. 134, 161; *Code Ann.* § 97-114) provides every director or officer who participated or aided in any way in making a sale of securities in violation of the Georgia Securities Act shall be jointly and severally liable to the purchaser. Thus, the plaintiff, by the terms of the statute under which he seeks to recover, is equally as guilty of violating the Georgia Securities Act as is the individual defendant.

The general rule is well stated in 47 AmJur 595, Securities Acts, § 42 which states: "A purchaser of securities sold without compliance with the prescribed regulations, who is not in pari delicto with the seller, may, within a specified or reasonable time, rescind the transaction and recover the money or other compensation paid therefor." This statement of the rule is applicable here because the plaintiff stood on the same footing as the individual defendant in that plaintiff was not only a purchaser, but also a seller within the contemplation of the purchasers' remedies section.

Certainly, the instant case comes within the terms of *Code* § 37-112 which provides: "When both parties are at fault, and equally so, equity will not interfere, but will leave them where it finds them." Neither a court of law nor a court of equity will lend its aid to a party where it affirmatively appears that the plaintiff and defendant are in pari delicto. *Clifton v. Dunn,* 208 Ga. 326 (4) (66 SE2d 735) and cases cited therein. See *Bryson v. Keith,* 186 Ga. 616 (199 SE 110).

Thus the plaintiff, being in pari delicto with the defendants, cannot recover the sums he paid for the stock issued in violation of the Georgia Securities Act. See Popper v. Havana Publications, Inc., (Fla.), 122 S2d 247, Moore v. Manufacturers Sales Co., 335 Mich. 606 (56 NW2d 397), Schrier v. B & B Oil Co., 311 Mich. 118 (18 NW2d 392) and Russek v. Tomark Jet Components, Inc., 152 Cal. App. 2d 131 (312 P2d 737). The trial court properly found in favor of the defendants and the ruling of the Court of Appeals that the plaintiff could recover must be reversed.

*Judgment reversed. All the Justices concur.*