51475. GILBERT v. MEASON et al.

ARGUED OCTOBER 30, 1975 — DECIDED NOVEMBER 18, 1975 — REHEARING DENIED DECEMBER 5, 1975 —

*Gilbert & Blum, David D. Blum,* for appellant.

*Marvin W. Sorrells, Whelchel & Whelchel, James C. Whelchel, Cook, Pleger & Noell, J. Vincent Cook, Dan A. Aldridge, Jr.,* for appellees.

DEEN, Presiding Judge.

1. The 1957 Securities Act (Ga. L. 1957, pp. 134, 159) provides for a cause of action against these defendants if they have "participated or aided in any way" in a securities sale which would be in violation of the Act. Former Code Ann. § 97-112 (b) makes a sale of securities unlawful if the seller employs device, scheme or artifice to defraud or engages in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon the purchaser. To give effect to the plaintiff's signed stock purchase agreement that no representations other than those made in the prospectus induced him to buy the securities would result in a waiver of his right to void the sale under former Code Ann. § 97-114 for misrepresentations made unlawful under former Code Ann. § 97-112. Thus the first issue which must be resolved on this appeal is whether an investor may waive rights flowing to him by virtue of the Securities Act of 1957 in advance of a controversy over the purchased securities.

There have been four "blue sky laws" enacted in Georgia, intended both to protect buyers of intrastate securities and to regulate sales of intrastate investments in the public interest. The latest legislative expression, Georgia Securities Act of 1973 (Ga. L. 1973, p. 1202, as amended), makes clear that waivers of compliance with, rights accruing from or defenses arising under the Act are void. (Ga. L. 1973, pp. 1202, 1258; Code Ann. § 97-119).

The effective date of this Act was April 1, 1974. (Ga. L. 1973, pp. 1202, 1260). The waiver here was signed in February of 1972; the Securities Act in effect at that time was specifically repealed by the 1973 enactment. (Ga. L. 1973, pp. 1202, 1260). The 1973 Act provides however that prior law exclusively governs all suits which may be initiated on the basis of facts or circumstances occurring before April 1, 1973 (Ga. L. 1973, pp. 1202, 1259; Code Ann. § 97-122 (a)). On this appeal we are thus put in the anomalous position of interpreting a statute which has been repealed and to decide whether that Act provided investors the protection by implication that the repealing law provides specifically, i.e., the nonwaiverability of the provisions of the blue sky law.

We approach this issue by noting at the outset that state security laws are an expression by the General Assembly of a statutory policy affording broad protection to investors and are remedial in nature and should be liberally construed. *Jaciewicki v. Gordarl Associates,* 132 Ga. App. 888 (209 SE2d 693). An annotation of cases dealing with the specific question of waiver and the blue sky laws notes that ". . . the general rule is that an agreement, in the sale of securities, waiving rights or releasing liabilities which may be sought to be enforced by reason of noncompliance with the provisions of the state securities act designed for the protection of securities purchasers, is not permissible or enforceable, and that the remedies of the purchaser are unaffected thereby." 61 ALR2d 1308. In *Brannan, Beckham & Co. v. Ramsaur,* 41 Ga. App. 166 (152 SE 282) this court held that an investor's knowledge that the state security law had not been complied with did not preclude him from recovering the purchase price of the stocks. "The law does not make the buyer's want of knowledge that the statute has been violated a condition precedent to his right to recover, and his mere knowledge or lack of knowledge upon that subject is immaterial." Id., p. 177. Surely if knowing of the violation does not constitute a waiver thereof so as to preclude recovery, the situation here where the facts giving rise to the right to void the sale were not discovered until after the sale had been consummated presents an even more compelling case for

refusing to enforce the waiver. "To permit this remedy to be 'waived' or 'released' prior to or contemporaneously with the sale of unregistered securities would thwart the very objective of the statute and violate the declared public policy of this state. Such a holding would pave the way for the virtual nullification of this important legislative enactment. . ." Getter v. R. G. Dickinson & Co., 366 FSupp. 559, 575; while we deal here with registered securities, we find the language of Getter, interpreting the Iowa blue sky law, to be persuasive even though not controlling.

"There is no basis for waiver or estoppel in a situation of this sort except where there has been gross misconduct on the part of the plaintiff or fraud such as would bar him from recovery. . . [T]he purpose of the blue sky laws is to allow the plaintiff to rescind where the securities offered were not issued in compliance with the law in question." *Allen v. Smith & Medford, Inc.*, 129 Ga. App. 538, 543 (199 SE2d 876). This means that one who serves as an officer or director of a corporation will be estopped to demonstrate the violation of the Security Act which makes his purchase of the corporation's stock voidable because he is in pari delicto with the defendants and equally guilty of the securities law. *Nash v. Jones*, 224 Ga. 372 (162 SE2d 392). There is no issue of plaintiff's guilt in the violation of the law under which he brings this action nor is there any issue as to his fraud in the transaction; there is therefore no way in which waiver or estoppel can be used to defeat his claim. The *Allen* case recognizes the nonwaiverability of the application of the blue sky laws; Code Ann. § 97-119 is merely a codification of this principal and its enactment in 1973 in no way demonstrates that the protection it affords was not equally applicable under the 1957 Act. The appellees are quite correct in noting that the courts of this state have consistently followed the common law proposition that a man is bound by a knowingly signed waiver. But a waiver will not be enforced where it would result in the enforcement of a contract which is contrary to declared public policy, as are contracts in violation of this state's securities regulations. *Flournoy v. Highlands Hotel Co.*, 170 Ga. 467 (153 SE 26).

2. The 1957 Securities Act provided for the joint and

several liability of every director, officer, salesman or agent who shall have participated or aided in any way in the making of a sale of securities which violates the Act. (Ga. L. 1957, pp. 134, 159; former Code Ann. § 97-114). What is the standard of care which such defendants must exercise to avoid participating or aiding in a prohibited sale? We believe the answer is found in *Boddy v. Theiling,* 129 Ga. App. 273 (199 SE2d 379). The defendant may not escape liability simply because he did not actively participate or did not know of the violation. ". . .[T]he words 'participated or aided' do not require that there be overt actions or direct activity . . ." Id., p. 276. Nor will such a defendant be held strictly liable without fault. Rather, directors and officers "participate or aid" when they know of the violation or have failed to exercise "that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions." Id.; Code Ann. § 22-713; 5 Ga. L. Rev. 128, 141. Thus to escape liability a defendant must demonstrate that he did not take an active part in the violation, that he did not know of the violation and that as a reasonably prudent man he would not have discovered the violation.

Plaintiff's complaint alleged that defendants *knew* of the misrepresentations which were allegedly being made by their agent. This alone states a sufficient cause of action against them. Knowing of the facts which make a sale voidable under the securities law is sufficient "participation and aid" under former Code Ann. § 97-114. But one defendant, Jeter, filed an affidavit which in effect disclaimed all knowledge of the misrepresentations and denied his authorization for making them. His affidavit fails however to demonstrate that as an ordinary prudent man under the circumstances he would have discovered that misrepresentations were being made. "Negligent ignorance is . . . equivalent to knowledge." *Marietta Trust &c. Co. v. Faw,* 31 Ga. App. 507, 508 (121 SE 244). The affidavit at most presents a "do-nothing" defense and this is not legally sufficient to warrant a summary judgment on his behalf on the issue of nonliability under former Code Ann. § 97-114. *Boddy v. Theiling,* 129 Ga. App. 273 (3), supra.

3. The granting of summary judgment to defendants on the basis of plaintiff's waiver of the allegedly fraudulent misrepresentations was error. The granting of summary judgment to defendant Jeter on the basis of his affidavit was error. There remains as to all defendants a genuine issue of material fact, i.e., whether they knew or as ordinarily prudent men under the circumstances they should have known of their agent's alleged misrepresentations.

*Judgment reversed. Evans and Stolz, JJ., concur.*