## 51750. KLEINER et al. v. SILVER et al.

WEBB, Judge.

Arthur Silver and William Silver in May, 1973 executed a limited partnership agreement with Jack Kleiner, Chicago Land Associates and others as general partners pursuant to the Uniform Limited Partnership Act (Code Ann. Ch. 75-4). Subsequently they sought to obtain a declaratory judgment that their limited partnership interests were securities within the meaning of section 102 (i) of the Georgia Securities Act of 1957 (Code Ann. § 97-102 (a)(18)(i)); and that the amount tendered them by Kleiner and the other appellants to take back the securities was not for the "full amount paid" within the meaning of section 114 (b) (Code Ann. § 97-114 (b)). The appeal is from the grant of a partial summary judgment in favor of the Silvers.

1. Where the limited partners look solely to the general partner for the enhancement of their investment and the ultimate success of the venture, and the investors' return is essentially dependent upon the efforts of the syndicator or affiliate, such investment contract will be deemed a security under the Securities Act of 1957.[1] *Fortier v. Ramsey,* 136 Ga. App. 203, 206 (220 SE2d 753).

Section XI of this limited partnership agreement provides that the general partners shall be the managing partners of the partnership, "exercise all administrative power within the partnership," and be "the sole representatives of the partnership in all transactions with third parties." The section also recites that the general managers shall have the sole right to convey partnership property and execute papers on behalf of the partnership and that all accounting books and income tax records shall be kept by the general partners. It further provides that "No limited partner as such shall have any right or power to take part in the control of the

---

[1]The Georgia Securities Act of 1973 (Ga. L. 1973, p. 1202), not effective until April 1, 1974, explicitly includes limited partnership interests in its definition of a security (section 2 (16)).

partnership business. . ."

At no time did the limited partners here agree to assist the general partners in the management of the venture. Notwithstanding appellants' assertion that in autumn of 1974 the Silvers "caused the discharge" of the partnership accountant and management agent and had them replaced with other men, it does not follow that the nature of the investment scheme was thereby changed. There were no allegations that the general partners were opposed to the hiring of the new men or had ceased to control the partnership. There was nothing to show that the limited partners did not look solely to the general partners for the enhancement of their investments and the ultimate success of the venture. Therefore their interests were securities within the contemplation of the Georgia Securities Act of 1957.

2. Attached to the motion for summary judgment was a certificate of the Secretary of State of Georgia showing that a diligent search had been made of the records on file in his office and no evidence had been found that a registration for the public sale of securities or exemption from registration under the Securities Act (Code Ann. § 97-104) had ever been granted to Chicago Land Associates. This constituted prima facie evidence of non-compliance with the Act and shifted the burden to the appellants to show that the securities were exempt from registration under some other provision. Code Ann. § 97-115; *Allen v. Smith & Medford, Inc.*, 129 Ga. App. 538 (199 SE2d 876).

Appellants' argument that the purchase of the Silvers' securities were isolated transactions within the meaning of Code Ann. § 97-107 (c) is without merit because Chicago Land Associates was the issuer of the limited partnership units sold to the Silvers. *Utzman v. Caribbean & Southeastern Development Corp.*, 107 Ga. App. 56 (129 SE2d 62). Accordingly, there being no question of fact that the securities were neither registered nor exempt nor sold in an exempt transaction as required by Code Ann. § 97-104, the transactions were in violation of the Georgia Securities Act of 1957 and subject to the sanctions imposed by Code Ann. § 97-114.

3. Code Ann. § 97-114 sets forth the remedies

available to purchasers who are sold securities in violation of the 1957 Securities Act. Pursuant to this provision the Silvers elected to treat this purchase of the securities as void and made demand jointly and severally upon appellants to refund "the full amount paid" by them. Appellants admit that Dr. Arthur Silver and Dr. William Silver each had paid the issuer $44,071.19, but contend that all amounts in excess of $25,000 are not subject to recovery under the terms of Code Ann. § 97-114, that a tender of $25,000 was made to the Silvers in compliance with Code Ann. § 97-114 (b), and that a disputed issue of fact is thereby created.

While each of the Silvers initially paid only $25,000 for the security issued to him, he also agreed upon signing the investment contract "to contribute a further additional sum of money to the partnership upon the written request of the General Partners at any time." The agreement further specified that such "Capital contributions by the partners shall be credited to the individual capital accounts of the respective partners and each partner will have an interest in the partnership in proportion to his capital contribution." Clearly the contract contemplated that the Silvers' investment would be an aggregate dollar amount determined by all capital contributions. Consequently, the tender by appellants of $25,000 plus interest was not a tender of the "full amount paid" in compliance with Code Ann. § 97-114 (b).

Since there was no dispute as to the amount of money paid, when it was paid or to whom, the only issue to be resolved was a question of law, to wit, the construction of the statutory language "full amount paid" as applied to the securities purchased here. Therefore the trial court correctly ruled on this issue on motion for summary judgment.

4. The failure of the trial court to rule on appellants' counterclaims is not ground for reversal of this appeal. The counterclaims are still pending and will be decided at such time as the matters come up for hearing. Code Ann. § 81A-156 (a)(c)(d). There being no genuine issues of material fact to preclude the grant of summary judgment here, and the issues of law having been correctly decided, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 11, 1976.

*Katz, Tye & Weissman, Jack Kleiner, Donald A. Weissman,* for appellants.
*Redfern, Butler & Morgan, James E. Massey,* for appellees.