53169. FIERER et al. v. ASHE et al.

McMurray, Judge.

Plaintiffs Ashe and Fitzsimmonds each brought separate actions in the Civil Court of Fulton County to void their purchase of limited partnership interest from defendants Cambridge Capitol Corporation and Lawson. The respective purchase dates were October 9, 1973, and October 2, 1973, therefore the applicable "blue sky" law is the Georgia Securities Act of 1957 (Ga. L. 1957, p. 134 et seq., as amended; formerly Code Ann. Ch. 97-1) (hereafter the Act). The Georgia Securities Act of 1973 did not become effective until April 1, 1974 (Ga. L. 1973, pp. 1202, 1260). The limited partnership interest had not been registered with the Secretary of State nor were they exempt from registration as provided by Sections 5 and 6 of the Act (see former Code Ann. § 97-107; Ga. L. 1957, pp. 134, 150; 1960, pp. 957, 960; 1961, p. 457; 1963, pp. 557, 560). The plaintiffs seek return of purchase price plus court costs and attorney fees.

The defendants filed a third-party claim against third-party defendants Fierer, Devine & Cardon, attorneys at law, alleging that their negligence while serving as attorneys for defendants was responsible for the failure to apply for and obtain a certificate of exemption from registration pursuant to Section 6 (j) of the securities law. Fierer and Devine filed counterclaims against the defendants (third-party plaintiffs). Discovery was completed, and the facts and issues of law being similar in each case, they were combined below for consideration of various motions. The court denied all motions except plaintiffs' motions for summary judgment which were granted. The third-party defendants appeal, contending that the granting of plaintiffs' motions for

summary judgment and the denial of their motions for summary judgment and for dismissal for lack of subject matter jurisdiction was error. *Held:*

1. Third-party defendants' first, third and fourth enumerations of error seek review of the denial of their motions for summary judgment and motions to dismiss. Under the recent ruling in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2) (229 SE2d 753), we may not consider these enumerations due to the absence of a certificate of the trial judge.

2. Appellants next contend that the limited partnership interest is not a security within the meaning of the Act. However, an examination of the limited partnership agreements in the light of the several tests and formulas for determination if a "security" exists in a particular factual situation provided by *Jaciewicki v. Gordarl Associates, Inc.,* 132 Ga. App. 888, 891 (209 SE2d 693), reveal that the limited partnership agreements provided for capital contribution by the partners, allocation of profit and loss to the partners in proportion to their interest in the partnership and management of the partnership by the general partners. See *Kleiner v. Silver,* 137 Ga. App. 560 (1) (224 SE2d 508).

3. Plaintiffs have presented prima facie cases showing sales of securities in violation of the provisions of the Georgia Securities Act of 1957, which sales are voidable at the election of the purchaser pursuant to Section 13 of the Act (formerly Code Ann. § 97-114; Ga. L. 1957, pp. 134, 159). The third-party defendants raise several affirmative defenses on behalf of defendants which they contend create issues of material fact which should have precluded the court's granting plaintiffs' motions for summary judgment.

The third-party defendants contend that plaintiffs knowingly received secret guarantees by defendants to repurchase the limited partnership interest at a specified price on a later date. The secret repurchase agreements are suggested to constitute violations of state and federal security laws so as to place plaintiffs in pari delicto with defendants. Plaintiffs acknowledge having received from defendants a repurchase guarantee and being aware of each other's guarantee, but disavow any further

knowledge on the subject of repurchase guarantees. This being the only evidence regarding these repurchase guarantees there is no evidence to support the contentions raised by the third-party defendants on behalf of the defendants that plaintiffs knowingly received secret repurchase guarantees. The equitable defense of in pari delicto has been applied in actions to void the sale of securities under Section 13 of the Act (formerly Code Ann. § 97-114, supra) where the plaintiff seeking to void the sale of securities stands in a dual capacity, as purchaser and as a member of the category of persons liable to the purchaser. See *Nash v. Jones,* 224 Ga. 372 (162 SE2d 392), where the plaintiff purchaser was also an officer and director of the corporation selling the securities at the time of the sale. In the case sub judice plaintiffs do not fall within the category of persons liable to the purchaser of the securities in question, consequently the reasoning supporting the application of the in pari delicto defense in *Nash v. Jones,* supra, is inapplicable here. See also *Collins v. Norton,* 136 Ga. App. 105, 107 (3) (220 SE2d 279).

There is evidence that plaintiffs received knowledge of violations of the Georgia Security Laws of 1957 by letters received from defendant Lawson and from third-party defendants Fierer and Devine. It is contended on behalf of the defendants that plaintiffs' actions in retaining their limited partnership interest and in making additional contributions to capital after receiving this notice of violations of the securities laws constituted a waiver of plaintiffs' rights under the Georgia Securities Act of 1957, and they are thereby estopped to assert their rights thereunder. The mere knowledge of violations of blue sky law is not sufficient to support the defense of waiver or estoppel. See *Allen v. Smith & Medford, Inc.,* 129 Ga. App. 538 (2) (199 SE2d 876). The result is not altered by the additional contributions to capital as such contributions were required under the partnership agreement in order to avoid a default by the plaintiffs.

There is no evidence to support the defense of laches. Further, in bringing their action to void purchase of the limited partnership within two years from the date of purchase, the plaintiffs have complied with the statute of limitation requirements. Section 13 (a) of the Act

(formerly Code Ann. § 97-114, supra).

Finally, the contributory negligence defense is not sufficient to overcome the public policy considerations underlying the securities laws of this state. The purpose of "blue sky" laws is to allow the purchaser to rescind where the securities offered are not issued in compliance with the law in question. *Allen v. Smith & Medford, Inc.,* supra. See also *Boddy v. Theiling,* 129 Ga. App. 273 (199 SE2d 379), and *Gilbert v. Meason,* 137 Ga. App. 1 (1) (222 SE2d 835). This purpose would be defeated if recovery was conditional upon the exercise of due care on the part of the purchaser of the securities.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED APRIL 19, 1977 — REHEARING DENIED MAY 13, 1977.

*King & Spalding, Jack H. Watson, Jr., Michael C. Russ, H. Lamar Mixson, Jr.,* for appellants.

*David F. Kell, Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Eileen M. Crowley,* for appellees.